The opinion of the Court was delivered by
Poché, J.
Relators, executors of the succession of Theresa Baum-garden, seek by mandamus to compel the defendant Judge to allow them a suspensive appeal from a judgment rendered by him on February 20th, 1882, placing the heirs of age in possession of the property of said succession and,, by prohibition, to restrain said heirs from executing said judgment.
The judgment complained of was rendered ex parte on the application of the heirs for possession of the succession property; it is vehemently assailed by Relators as illegal, null and void, and is defended with equal zeal by the heirs, as legal and binding. But-under the very limited issue presented to us in this proceeding, *655 we have no power to examine into the legality or validity of the judgment which could oiily be reviewed on appeal, and hence, we cannot consider the elaborate arguments of counsel of both sides on that question.
Our investigation must be strictly confined to the discussion of Relators’ right to a suspensive appeal from the judgment placing the heirs in possession of the succession property.
Tiie record shows that Relators were confirmed and were sworn as testamentary executors on tiie 16th of February, 1882, and that before inventory made, the judgment complained of was rendered on February 20th.
It appears that on the 27th of that month, Relators instituted suit for the nullity of said ex parte judgment, to which they added a rule to restrain the execution of the judgment pending their suit for nullity. In this they were met by an exception of no cause of action, resulting-in the dismissal of their suit, on the 30th of March, by a judgment which was signed on April 5th. Whereupon, they prayed for a suspensive appeal from all the judgments rendered against them in the premises.
The Judge granted a suspensive appeal from the judgments signed on April 5th, but refused such an appeal from the ex parte judgment of February 20th, on the ground that the application was made too late; more than ten days having elapsed, exclusive of Sundays, since the date of the judgment.
Relators submit the two following propositions:
1. The delay within which they had the right to appeal can only be computed from the date of the notice on them of the judgment which they are striving to reverse.
2. The operation of the judgment was suspended between the 27th of February and the 5th of April, under the effect of their rule, filed with the leave of the court, for a restraining order to forbid the execution of the judgment.
First. As th ?. judgment complained of was rendered ex parte, not in a suit, but in the matter of the settlement of a succession, and as the Code of Practice requires that notice of a judgment by default be served on the “ party cast in the suit,” it is difficult to conceive upon what grounds the Relators herein could require the notice on them of a judgment rendered under such circumstances. The essence of their complaint is, that the judgment was rendered ex parte ; hence, they were not parties, and could not be cast in a suit which did not exist; and, therefore, they were not more entitled to notice of such judgment than any other person not a party to the proceeding. Tiie judgment may bo erroneous and absolutely null and void, for the very reason *656 that it was rendered in an cx parte proceeding; but the question now to be solved involves the mode of having such nullity declared. Relators first sought this end by the action of nullity, in which the question may be properly presented. But the contention now is, whether their application for a suspensive appeal was made timely, and whether they were entitled to a notice of such judgment.
We think that they were not, and that the delay should be computed from the date of the judgment.
Second. Their application for a restraining order, which was not granted, cannot have the effect of suspending the judgment. This circumstance very clearly differentiates the issue in this proceeding from that presented in the two cases of State ex rel. Kennedy vs. N. O. Savings Institution, 32 A. 1233, and State ex rel. Behan vs. Judge, 32 A. 1276, relied on by Relators.
In the first of these cases a restraining order had been granted pending the rule of Relator for the delivery of the notes sued on. And in the other case, a temporary injunction restraining the execution of a judgment against Relator, pending the trial of his suit for injunction, had been granted by the District Court, and hence, it was held in this Court, that the judgment complained of had been suspended in its operation.
But in this case, the prayer for a restraining order has not been allowed, and hence, time ran as to the judgment sought to be supended. We cannot strain the rule so as to apply it to a case where the rule for a restraining order was never sustained, but was finally discharged. Relators may suffer great hardships under the effect of a judgment which may be finally avoided, but the law is too plain against the position which they have assumed.
As to the prohibition which they invoke against the heirs, it is plain that under a refusal of the mandamus against the Judge, such relief cannot be granted by this Court, whose writ of prohibition issues only to an inferior Judge, unless the parties are necessary adjuncts to the proceeding against the Judge. State ex rel. Dowling vs. Mix, 33 A. 794.
The writs of mandamus and prohibition, herein prayed for, are therefore denied, at Relators’ costs.
Levy, J., absent.